EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
DAFFODIL TYMINSKI (Cal. Bar No. 243680)
Assistant United States Attorney
OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0917
     Facsimile: (213) 894-0142
     E-mail:    Daffodil.Tyminski@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-0707-R |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION RE: SENTENCING FOR DEFENDANT JESSICA LOPEZ |
| v. | |
| JESSICA LOPEZ, | Sentencing Date: June 6, 2016 |
| Defendant. | |

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Daffodil Tyminski and, hereby files the government's position with respect to sentencing defendant Jessica Lopez ("defendant").

///

///

///

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 31, 2016                     Respectfully submitted,

                                        EILEEN M. DECKER
                                        United States Attorney

                                        LAWRENCE S. MIDDLETON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                             /S/
                                        ─────────────────────────────────
                                        DAFFODIL TYMINSKI
                                        Assistant United States Attorney

                                        Attorney for Plaintiff
                                        UNITED STATES OF AMERICA

MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

On April 1, 2015, defendant pleaded guilty to count five of the Indictment. (Presentence Investigation Report ("PSR") of the United States Probation Office ("USPO") dated May 9, 2016 ¶ 2.)  Based on the PSR and the facts and circumstance of this case, the government asks that the Court impose a sentence of 46 months imprisonment, followed by three years of supervised release, no fine, and a special assessment of $100.

**II.  NACKGROUND AND THE USPO'S FINDINGS**

Count Five charges defendant with distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). The charges stem from defendant's distribution of methamphetamine for defendant Roberto Macias, the leader of the conspiracy.  As part of the conspiracy, on or about January 10, 2014, defendant arranged for defendant Macias to distribute approximately 109.8 grams of methamphetamine to co-defendant Aguilar, and on or about January 19, 2014, defendant arranged for defendant Macias to distribute approximately 41 grams of methamphetamine to co-defendant Garcia. (PSR ¶¶ 12-15.)

In defendant's plea agreement, the parties agreed to a base offense level of 30, pursuant to U.S.S.G. § 2D1.1(c)(5) (Plea Agreement ¶ 17), which is consistent with the USPO's calculated base offense level.  (PSR ¶¶ 23.)  The USPO also found that defendant should receive a two-level reduction for meeting the "safety-valve" criteria, under U.S.S.G. § 5C1.2, and that she should receive an additional three-level reduction for for acceptance of responsibility under U.S.S.G. § 3E1.1(b), for a total adjusted offense level of 25.

(PSR ¶¶ 22-31.) The government does not object to the USPO's calculations. The USPO also concluded that defendant is in criminal history category I, and the government does not object to this finding. (PSR ¶¶ 36-40.)

Defendant's sentencing guidelines range, at a total offense level of 25 and in criminal history category of I, is 57-71 months. The government is recommending a 46 month sentence, however, which is effectively equal to a further two-level guidelines reduction, in recognition of the fact that immediately after her arrest, defendant admitted her conduct, accepted responsibility, and agreed to plead guilty. In the government's view, defendant's quick actions after the arrest was influential in the other defendants pleading guilty in this case. For the reasons set forth below, the government believes that a 46 month sentence, followed by three years of supervised release, no fine, and a special assessment of $100, is sufficient, but not greater than necessary to accomplish the Court's purpose in sentencing.

**III. ANALYSIS OF THE 3553(a) FACTORS**

The factors to be considered when imposing sentence, as set forth in 18 U.S.C. § 3553(a), include:

    **A. Nature and Circumstances of the Offense and the History and Characteristics of Defendant**

Although co-defendant Macias was a major player in narcotics distribution, defendant Lopez had lesser involvement, and the Methamphetamine conspiracy in which defendant participated was short lived.

Defendant Lopez has a sympathetic personal history, having grown up in the United States and Mexico. She is a United States citizen

who moved with her mother to Mexico at a young age.  It appears as though defendant's early years were relatively unstable, and he family's moving back and forth between Mexico and the United States made completing her schooling difficult.  After moving to the United States permanently as a young adult, defendant worked to support family members back in Mexico.

### B. The Seriousness of the Offense, Deterrence, and the Need to Protect the Public

Methamphetamine distribution is a serious offense.  The government submits that the aggravating factors – the nature of the offense and defendant's use of others (co-defendants Aguilar and Garcia) to further the conspiracy – balanced against mitigating factors – such as defendant's acceptance of responsibility and family background – warrant the requested sentence.

For the foregoing reasons, and based on the sentencing guidelines as well as the factors set forth in 18 U.S.C. § 3553(a), the government requests that the Court sentence the defendant to 46 months imprisonment, followed by three years of supervised release, no fine, and a mandatory special assessment of $100.

Dated: May 31, 2016            Respectfully submitted,

                               EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

_____/S/_____
DAFFODIL TYMINSKI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA